Hoffman v. Piper, 192 Wis. 55.

Hoffman and wife, Appellants, vs. Piper and others, Respondents.

*October 15, 1926—February 8, 1927.*

*Action: Misjoinder: Waiver of defect by going to trial without objection.*

1. In an action by a husband and wife to recover for damages to their household goods and wearing apparel, the court, at the close of plaintiffs' case, granted a nonsuit on the ground that separate causes of action existed in behalf of both husband and wife which could not be joined. *Held,* that this was error, because if there was a misjoinder of actions defendant waived the defect by going to trial without objection, and that the court could have submitted separate verdicts to cover the situation.   p. 56.
2. It is the duty of a husband to furnish his wife with wearing apparel and to furnish household furniture, and in case of loss of either it is the loss of the husband, who must replace it. p. 56.

Appeal from a judgment of the circuit court for Milwaukee county: August E. Braun, Circuit Judge. *Reversed, with directions.*

This is an appeal by the plaintiffs from a judgment ordering a nonsuit at the conclusion of the plaintiffs' testimony.

For the appellants there was a brief by *Brennan & Lucas* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the respondents there was a brief by *Wm. A. Schroeder* and *Jacob S. Rothstein,* both of Milwaukee, and oral argument by *Mr. Rothstein.*

The following opinion was filed November 9, 1926:

CROWNHART, J.  Plaintiffs were husband and wife.  They had rented an apartment from the defendant *O. C. Piper* and had their household goods therein.  While they were away from the premises defendants removed the household goods from the apartment and stored them in a basement.  It was the plaintiffs' claim that the action of the defendants was unlawful; that their goods were damaged thereby, and they sought recovery for such damages.  Two simple questions were presented: Whether the defendants were justified in removing the goods and storing them as they did, and if not, the amount of damages.

The plaintiffs, as husband and wife, sued jointly, alleging in substance joint ownership of the goods.  The case came on for trial before the court and a jury, and from the testimony it appears that the ordinary situation as to ownership of household goods prevailed.  The goods had been purchased mostly by the husband.  The wife's wearing apparel had sometimes been purchased by her and sometimes by her and her husband together.  A few articles belonged to the wife by reason of gift, and were undoubtedly her separate property.  At the conclusion of the testimony on the part of the plaintiffs the court granted a nonsuit on the ground of the improper joinder of the two causes of action.  He held that there was a cause of action in favor of the husband and a separate cause of action in favor of the wife, and that these causes of action could not be joined.  We think the court was in error in granting a nonsuit.  The husband had a cause of action for damage to practically all the goods.  It was the duty of the husband to furnish his wife with wearing apparel and to furnish the household furniture.  In case of loss or damage to the wife's wearing apparel it was the

Hoffman v. Piper, 192 Wis. 55.

business of the husband to replace it, and the loss was his loss. If it appeared to the trial court that the wife was improperly joined, the action could have been dismissed as to her and continued as to the husband. But we think if the actions were improperly joined, the defendants clearly waived the objection by going to trial and continuing in the trial up to the close of the plaintiffs' testimony, without raising this objection. No harm was done to the defendants by reason of the joinder, and in fact they might be relieved from two lawsuits instead of one. Under the situation here, if each plaintiff had a separate cause of action the court could have submitted separate verdicts to the jury.

We cannot refrain from commenting upon the manner in which this case was tried. The amount involved was comparatively small. The plaintiffs were examined under the discovery statutes before the trial. The question of ownership and damages had been gone into. There was no reason why the case should have taken very much time in the circuit court on trial. But it appears that the case was begun on the 12th of July and continued until the 26th of July, when the jury was dismissed. Counsel states that seven days were taken up for the trial. Only two witnesses were sworn, and their testimony related to the two simple questions stated. The examination of the witnesses was drawn out interminably, especially the cross-examination. Matters of little consequence were treated as of the utmost importance. When a case is tried in this manner there is no possibility that a party has a "certain remedy in the law;" that he can receive justice "freely and without being obliged to purchase it" or "promptly and without delay."

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to grant a new trial in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on February 8, 1927.